UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN R. STELLY, II | * | CIVIL ACTION NO. 23-772 |
| | * | |
| VERSUS | * | SECTION: "T"(1) |
| | * | |
| STATE OF LOUISIANA THROUGH | * | JUDGE GREG G. GUIDRY |
| DEPARTMENT OF PUBLIC SAFETY | * | |
| AND CORRECTIONS, OFFICE OF | * | MAGISTRATE JUDGE |
| STATE POLICE | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is plaintiff's Motion for Leave of Court to File Second Amended Complaint and Jury Demand. (Rec. Doc. 42). Because leave to amend should be freely given when justice requires and because the Court finds that the proposed amendment to add claims for unlawful employment discrimination against two state officials in their individual capacities under 42 U.S.C. § 1981 is not clearly futile, the Motion for Leave is GRANTED. Stelly's Second Amended Complaint shall be entered into the record.

Background

Plaintiff John R. Stelly, II was employed by the State of Louisiana, Department of Public Safety and Corrections, Office of State Police ("LSP"). He is White. In this lawsuit, he alleges that he was denied promotion from lieutenant to captain on numerous occasions because of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. He alleges further that he was constructively discharged in violation of these statutes as a result of the repeated failures to promote.

Stelly filed his original Complaint on March 1, 2023. LSP filed a motion to dismiss the Complaint arguing that his §1981 and Title VII claims are time barred and that he failed to state a claim because he did not allege that he had the specific qualifications sought for the captain

1

positions, because he had not alleged that the LSP failed to provide a legitimate, nondiscriminatory reason for his failure to be promoted, and because the facts alleged are insufficient to establish constructive discharge. It also filed a motion to stay discovery pending the motion to dismiss. Before the District Court could rule on these motions, Stelly filed his First Amended Complaint, mooting the motion to dismiss and motion to stay. The First Amended Complaint incorporated some additional factual allegations, additional legal argument, and a request for punitive damages.

LSP filed a new motion to dismiss, arguing not only that Stelly's §1981 and Title VII claims were time barred and that he has failed to state a claim, but also that his § 1981 claims must be dismissed on the grounds of sovereign immunity. Again LSP filed a motion to stay discovery pending a ruling on the motion to dismiss. Before the motion to dismiss went under submission, Stelly filed the present Motion for Leave of Court to File Second Amended Complaint. He seeks to substitute Colonel Kevin Reeves and Colonel Lamar Davis for the LSP as defendants to his §1981 claim to circumvent the sovereign immunity argument raised by LSP. He alleges that Reeves—who is White—was Superintendent through October 30, 2020, and Davis—who is Black—was Superintendent thereafter. He alleges that it was Reeves who failed to promote him on October 20, 2020, and that it was Davis who failed to promote him on November 24, 2021, on May 19, 2021, and twice on July 9, 2021. He alleges that they used race as a motivating factor in doing so.

LSP opposes the Motion for Leave. It argues that the amendment is futile because the Fifth Circuit has questioned whether a cause of action exists against a municipal officer in his individual capacity under § 1981. Further, it argues the amendment would be futile because Stelly has not plead sufficient facts to overcome the qualified immunity of Reeves and Davis. It submits that Stelly fails to allege that Reeves or Davis personally made the decision not to promote Stelly. It

points out that under the publicly available LSP Policies and Procedures, promotion decisions are made by panels of at least six individuals including the Superintendent or his designee as chairperson. Thus, it submits, at best, Reeves or Davis as Superintendent may have been a member of the promotional panel that decided whether Stelly would be promoted to captain.

Law and Analysis

1. *Standard for Granting Leave to Amend*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

Where the court ordered deadline for amending pleadings has passed, that schedule "may be modified" to allow for additional amendments "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4); see S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that

Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). When determining whether the movant has shown good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' " S&W Enterprises, 315 F.3d at 536 (quoting Reliance Ins. Co. v. Louisiana Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original).

2. *Analysis*

At the time Stelly filed his Motion for Leave to Amend, the Scheduling Order's deadline to amend pleadings—July 14, 2023—had already passed. But since that time, the District Court has continued the trial and all pretrial deadlines. It is not clear, however, that the deadline to amend pleadings has been reset. Accordingly, the Court first addresses whether Stelly has established good cause to amend his pleadings after the expiration of the deadline.

The Court finds that Stelly has established good cause for the late filing. He did not know until July 20, 2023, that LSP would raise a sovereign immunity defense. Indeed, LSP did not do so in its first motion to dismiss. To the extent that Stelly may have a viable §1981 claim against the individual defendants, the proposed amendment is important because Stelly appears to concede that sovereign immunity bars such a claim against the LSP. Importantly, the Court finds no prejudice in allowing the amendment. Now that the trial has been continued and no new trial date has yet been set, the current parties will not be prejudiced. Having to defend a claim is not, in and of itself, an undue prejudice. Accordingly, Stelly has established good cause for his out of time motion for leave.

The Court next turns to the Rule 15 standard. Leave to amend must be freely granted when justice so requires. LSP argues that Stelly's amendment is futile. Without foreclosing the

possibility that defendants Reeves and Davis might succeed in moving to dismiss the complaint, the court finds that the possible futility is not sufficient to preclude the amendment itself. See, e.g., Tripp v. Pickens, No. 17-CV-0542, 2018 WL 3059614, at *3 (W.D. La. June 20, 2018) ("The court's ability to decide the viability of the claims at issue will benefit from full briefing within the context of a motion that is devoted to the substantive issues.").

First, the Court finds the "tension" observed by LSP may not be tight enough to ensnare this case. In Oden v. Oktibbeha County, Miss., the Fifth Circuit held that a municipal officer could not be held liable in his individual capacity under §1981 because the allegedly discriminatory actions were official decisions. 246 F.3d 458, 464–65 (5th Cir. 2001). In so holding, the Fifth Circuit analogized to Title VII precedent. E.g., Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir. 1994); Harvey v. Blake, 913 F.2d 226, 227 (5th Cir. 1990). But Title VII only imposes liability on the "employer," a term defined by the statute itself. Smith v. Amedisys Inc., 298 F.3d 434, 448 (5th Cir. 2002) ("[T]here is no individual liability for employees under Title VII."). Section 1981 is not limited to "employers." Importantly, Oden did not mention the Fifth Circuit's earlier holding in Faraca, where a state official (as we have in this case) was personally liable under §1981 for instructing a subordinate not to hire a highly qualified candidate because he had an interracial marriage. 506 F.2d 956, 959 (5th Cir. 1975). Further, in recent years, district courts in the Fifth Circuit have recognized the possibility of individual liability for employment discrimination under § 1981. Thomas v. Grundfos, CBS, No. 4:18-CV-0557, 2019 WL 7838172, at *1 (S.D. Tex. Sept. 20, 2019), report and recommendation adopted, No. CV H-18-557, 2020 WL 553665 (S.D. Tex. Feb. 4, 2020), aff'd, 2021 WL 4693055 (5th Cir. Oct. 7, 2021) ("[A]n individual may be liable under § 1981 if the individual is 'essentially the same' as the employer in exercising authority over the plaintiff."); Dyas v. City of Shreveport, No. CV 16-1607, 2017 WL 3711898, at *7 (W.D. La.

Aug. 28, 2017) ("To state a claim under section 1981 against the individual defendants, Plaintiffs must specifically allege how each of the individual defendants has racially discriminated against them with respect to one of the protected rights."); King v. Bd. of Trustees of State Institutions of Higher Learning of Mississippi, No. 3:11-CV-403-CWR-FKB, 2014 WL 1276477, at *12 (S.D. Miss. Mar. 27, 2014) ("Liability under Section 1981 liability 'will lie against an individual defendant if that individual is essentially the same as the State for the purposes of the complained-of conduct.'" (quoting Foley v. Univ. of Houston Sys., 355 F.3d 333, 337 (5th Cir. 2003))). And yet, LSP has cited no example of a court dismissing a claim for individual liability under § 1981 on the basis that no such claim exists. To the extent the availability of a claim for individual liability under §1981 must be decided, the Court finds that the matter would be better resolved before the District Court when the argument is raised in the first instance in a motion and not in opposition.

LSP also urges this Court to find that Stelly's claims against Reeves and Davis are futile because they will be barred by qualified immunity. Indeed, "[r]acial discrimination claims brought under § 1981 are subject to the defense of qualified immunity." Todd v. Hawk, 72 F.3d 443, 445 n.7 (5th Cir. 1995); see Wicks v. Mississippi State Emp. Servs., 41 F.3d 991, 993–94 (5th Cir. 1995) (applying qualified immunity to §1981 employment discrimination claim against Mississippi Statement Employment Service and plaintiff's former supervisor there). "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231, (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Courts have held that an employee has a clearly established right to be free from racial discrimination in employment and that racial discrimination

6

in the workplace is not objectively reasonable under clearly established law. See King, 2014 WL 1276477, at *13. LSP argues Stelly's allegations of the personal involvement of Reeves and Davis are too speculative. Again, the Court finds that the issue of whether Stelly's claims against Reeves and Davis are barred by qualified immunity is better decided by the District Court when the issue has been raised in the first instance by a motion.

LSP does not argue that Stelly has engaged in undue delay or is acting in bad faith, nor that he has repeatedly failed to cure deficiencies by previously allowed amendment. The Court finds that it is the in the interest of justice to allow the amendment.

## Conclusion

Because leave to amend should be freely given when justice requires and because the Court finds that the proposed amendment to add claims for unlawful employment discrimination against two state officials in their individual capacities under 42 U.S.C. § 1981 is not clearly futile, Stelly's Motion for Leave of Court to File Second Amended Complaint and Jury Demand (Rec. Doc. 42) is GRANTED.  Stelly's Second Amended Complaint shall be entered into the record.

New Orleans, Louisiana, this 31st day of August, 2023.

_____
Janis van Meerveld
United States Magistrate Judge