UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN R. STELLY, II                          CIVIL ACTION

VERSUS                                       NO: 23-772

STATE OF LOUISIANA, THROUGH                  SECTION: T (1)
DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS, OFFICE OF
STATE POLICE


ORDER AND REASONS

The Court has before it two Motions to Dismiss filed by Defendant State of Louisiana, through Department of Public Safety and Corrections, Office of State Police ("LSP"), R. Doc. 68, and Defendants Kevin Reeves and Lamar Davis, R. Doc. 82. Plaintiff John R. Stelly, II has responded in opposition to each Motion, R. Docs. 77; 85, and both LSP and Reeves and Davis have filed reply memoranda, R. Docs. 80; 91. Having considered the parties' briefing, as well as the applicable law and facts, the Court will GRANT IN PART and DENY IN PART LSP's Motion, and GRANT Reeves and Davis's Motion.

I. **BACKGROUND**

Stelly, a white former Louisiana State Police lieutenant, filed the instant suit against LSP, alleging it had failed to promote him to a captain position because of his race, and thereby constructively discharged him, in violation of 42 U.S.C. § 1981 and Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.* R. Doc. 2. After LSP moved to dismiss Stelly's Complaint, R. Doc. 10, the Court granted Stelly leave to file a First Amended Complaint, R. Doc. 27, and

1

denied LSP's first Motion to Dismiss as moot, R. Doc. 26. LSP moved to dismiss the First Amended Complaint, R. Doc. 29, and Stelly again sought leave to amend his Complaint, R. Doc. 42. The Court granted leave, R. Doc. 58, and denied LSP's second Motion to Dismiss as moot, R. Doc. 63. In the Second Amended Complaint, Stelly added Reeves, who was LSP Superintendent from March 25, 2017, until October 30, 2020, and Davis, who has been LSP Superintendent from October 30, 2020 until the present, as defendants to this action in their individual capacities. R. Doc. 59. Stelly reasserted his claims under Title VII against LSP, but, now recognizing his claims against LSP under Section 1981 to be barred by sovereign immunity, *see* R. Doc. 49, substituted Reeves and Davis as defendants to those claims. Stelly alleges Reeves and Davis denied him promotions to captain because of his race on several occasions. R. Doc. 59 at 11. Stelly also alleges Davis failed to promote him to captain in retaliation for Stelly's complaint to his supervisor that he was not being promoted because of his race and "humiliated" Stelly and "made [his] work conditions so intolerable that a reasonable employee would feel compelled to resign" by failing to promote Stelly to captain. *Id.* at 12. LSP and Reeves and Davis now move the Court to dismiss Stelly's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Stelly has failed to state a claim upon which relief can be granted under either Title VII or Section 1981. R. Docs. 68; 82. Stelly opposes, asserting his claims are adequate to survive Rule 12(b)(6) review or, in the alternative, that the Court should grant him leave to amend his Complaint for a third time. R. Docs. 77; 85.

## II.  APPLICABLE LAW

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a "complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must construe the allegations in the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *Lovick v. Ritemoney Ltd.,* 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.,* 302 F.3d 552, 558 (5th Cir. 2002)). A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint is insufficient if it contains merely "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Where the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). If the factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION AND ANALYSIS

In his Second Amended Complaint, Stelly alleges LSP failed to promote him because of his race in violation of Title VII, Reeves and Davis failed to promote him because of his race and in retaliation against him in violation of Section 1981, and both parties constructively discharged Stelly by failing to promote him. R. Doc. 59. The Court will discuss each claim in turn.

### A. LSP

As an initial matter, LSP points out that any Title VII claims Stelly might seek to bring for

LSP's alleged failures to promote him prior to July 9, 2021, are time-barred. R. Doc. 68 at 6–9. Although Stelly's Complaint alleges failures to promote him on September 6, 2017, April 25, 2018, October 3, 2018, October 20, 2020, November 24, 2020, May 19, 2021, and July 9, 2021, Stelly states he is asserting a failure to promote claim against LSP only in regard to July 9, 2021. R. Doc. 77 at 3. Accordingly, the Court will consider only LSP's alleged failure to promote Stelly on July 9, 2021.

### 1.  Failure to Promote

As is relevant here, Title VII provides, "It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race[.]" To survive Rule 12(b)(6) review, a plaintiff must set forth allegations that enable the court to reasonably infer his employer discriminated against him in violation of Title VII. *Cicalese v. Univ. of Tex. Medical Branch*, 924 F.3d 762, 767 (5th Cir. 2019). The "ultimate question" is whether the plaintiff has pleaded facts that allow the Court to reasonably infer that an adverse employment action was taken "*because of* [his] protected status." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (emphasis original) (citing *Kanida v. Gulf Coast Med. Personnel LP,* 363 F.3d 568, 576 (5th Cir. 2004)). Although "a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion[,]" *Raj*, 714 F.3d at 331, "[a]llegations related to that prima facie inquiry may nonetheless be helpful in satisfying the general *Iqbal* plausibility standard." *Haskett v. Cont'l Land Res., L.L.C.*, No. 15-40595, 2016 WL 4446075, at *1 (5th Cir. Aug. 23, 2016) (unpublished) (citing *Leal v. McHugh*, 731 F.3d 405, 413 (5th Cir. 2013)).

"A Title VII plaintiff may make out a prima-facie case of discrimination using either direct

or circumstantial evidence." *Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F.3d 473, 475 (5th Cir. 2015). Here, Stelly argues he has alleged both direct and circumstantial evidence of discrimination. R. Doc. 77 at 4. As to direct evidence, Stelly points to his allegation that he was told in 2019 "the Department's position was that a black trooper would be selected" for the open trooper-level position of Public Information Officer and the racial preference was "just the way it is." *Id.* at 9. However, as the Fifth Circuit has explained, direct evidence of discrimination constitutes "[a] statement or document which shows 'on its face that an improper criterion served as a basis—not necessarily the sole basis, but a basis—for the adverse employment action[.]'" *Herster v. Bd. of Supervisors of Louisiana State Univ.*, 887 F.3d 177, 185 (5th Cir. 2018) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 993 (5th Cir. 2005)). Even presuming this statement constitutes direct evidence of discrimination in LSP's hiring for the Public Information Officer position, for which Stelly did not apply, it does not indicate in any way that the adverse employment action challenged here—LSP's failure to promote Shelly on July 9, 2021—was racially motivated. Thus, the Court must consider whether Stelly has adequately stated his claim via circumstantial evidence.

To plead a prima facie case for failure to promote using circumstantial evidence, a plaintiff must plausibly allege "(1) he was not promoted, (2) he was qualified for the position he sought, (3) he fell within a protected class at the time of the failure to promote, and (4) the defendant either gave the promotion to someone outside of that protected class or otherwise failed to promote the plaintiff because of his race." *Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 346–47 (5th Cir. 2013) (citing *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002)). Should the plaintiff meet this obligation, under the *McDonnell-Douglas* burden-shifting framework, the burden shifts to the defendant to proffer a legitimate, nondiscriminatory reason for not promoting the plaintiff.

*Id.* at 347 (citing *Price*, 283 F.3d at 720); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993) (establishing this burden-shifting framework). If the defendant does so, the burden shifts back to the plaintiff to show the defendant's proffered nondiscriminatory reason to be pretextual.

Stelly has alleged he was not promoted to captain; he was qualified for a captain position; he fell within a protected class as a white person; and someone outside of that protected class, a non-white person, was promoted instead. R. Doc. 68 at 10. Thus, he has pleaded a prima facie case of discriminatory failure to promote. However, LSP points out that "the promotion of a better qualified applicant is a legitimate and nondiscriminatory reason for preferring the successful applicant over the rejected employee who claims that the rejection was discriminatory." *Id.* at 10–11 (quoting *Jefferies v. Harris Cnty. Cmty. Action Ass'n*, 693 F.2d 589, 590–91 (5th Cir. 1982)). LSP thus argues Stelly has not adequately pleaded that he was *more* qualified for promotion to captain than the selected applicant. Because Stelly would be required to show LSP's nondiscriminatory reason for failing to promote him—i.e., that the selected applicant was better qualified—is merely pretextual in order to prevail on his Title VII claim, Stelly must at least plausibly allege that he was more qualified than the selected applicant to survive Rule 12(b)(6) review of this claim.

As to LSP's alleged failure to promote Stelly on July 9, 2021, Stelly alleges Lieutenant Robert Burns, a non-white individual, was promoted to captain in LSP's Operational Development Division and Lieutenant Salem El Amin, a black individual, was promoted to captain in LSP's Gaming Enforcement Division, instead of Stelly. R. Doc. 59 at 7–9. Stelly asserts he was "clearly more qualified" than Burns and Amin because he was listed higher on the "eligible list" for promotion based on his examination results and had more years of service in the LSP and as a

lieutenant than Burns and Amin. *Id.* LSP argues these assertions are inadequate to allege that Stelly

was more qualified than Burns or Amin because Stelly "fails to allege how he may have had any

qualification to command" the Operational Development and Gaming Enforcement divisions

specifically, pointing out that "[s]imply holding the highest examination grade and the most in

years-in-service does not necessarily qualify someone to command a Gaming department with no

actual gaming experience." R. Doc. 80 at 3. While this may be true, and while LSP may ultimately

be able to show that Stelly was not in fact more qualified for those specific positions than Burns

and Amin based on other criteria, at the Rule 12(b)(6) stage Stelly's assertions are adequate to

plead plausibly that he was more qualified than Burns and Amin for the promotions he applied for

but they received. Accordingly, Stelly has set forth allegations that enable the court to reasonably

infer his employer discriminated against him in violation of Title VII, *see* Cicalese, 924 F.3d at

767, and LSP's Motion to Dismiss must be denied as to this claim.

### 2.  Constructive Discharge

It is uncontested that Stelly retired from his position in the LSP on December 18, 2021. *See*

R. Doc. 59 at 3. However, Stelly characterizes his retirement as a constructive discharge, arguing

he was "humiliated into retiring" by LSP's failure to promote him to captain. To prove a

constructive discharge, a "plaintiff must establish that working conditions were so intolerable that

a reasonable employee would feel compelled to resign." *Faruki v. Parsons,* 123 F.3d 315, 319 (5th

Cir. 1997).

As LSP argues, the Fifth Circuit has rejected a constructive discharge claim in similar case,

explaining, "[d]iscrimination alone, without aggravating factors, is insufficient for a claim of

constructive discharge[.]" *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 559 (5th Cir. 2001). In

*Brown*, that court considered the appeal of a jury verdict in the plaintiff's favor on a constructive

discharge claim. Although, like Stelly, the *Brown* plaintiff had resigned from his position, he argued he was constructively dismissed by his former employer due to its failure to promote him because of his race on several occasions. Despite the jury's finding that the plaintiff had in fact been discriminatorily passed up for promotions, the court reversed the jury's verdict on constructive discharge, explaining that, even considering that discrimination, the plaintiff's "resignation, as a matter of law, was not justified by working conditions that had become so intolerable that no reasonable person could have worked there under those conditions." *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001). That is, even considering the *Brown* plaintiff's successful showing that he was discriminated against by his employer, the Fifth Circuit held the allegation of even a repeated discriminatory failure to promote alone was inadequate to state a claim for constructive discharge.

Stelly argues *Brown* is distinguishable from this case because he has alleged the additional aggravating factors that he was "humiliated" by repeatedly being passed up for promotions and his direct supervisor agreed that Stelly should be promoted. R. Doc. 77 at 12–13. But "constructive discharge cannot be based upon the employee's subjective preference for one position over another[,]" *Jett v. Dallas Indep. Sch. Dist.*, 798 F.2d 748, 755 (5th Cir. 1986) (citing *Kelleher v. Flawn,* 761 F.2d 1079, 1086 (5th Cir. 1985), and the Fifth Circuit has explained that there is "no support in the case law for the proposition that a simple discriminatory denial of promotion that cannot be reasonably construed as a career-ending action can alone create such embarrassment or humiliation that the denial comprises a constructive discharge." *Jurgens v. E.E.O.C.*, 903 F.2d 386, 392 (5th Cir. 1990). Here, there is no indication that LSP's failure to promote Skelly was "career-ending[;]" indeed, Skelly was first denied a promotion to captain in 2008, and did not resign his position until 2021, over five months after the final alleged failure to promote. Thus,

Stelly's alleged humiliation is not a sufficient aggravating factor to render his constructive discharge claim adequate to survive 12(b)(6) review under *Brown* and *Jurgens*. Nor can the Court hold Stelly's supervisor's alleged agreement that Stelly should be promoted to render the working conditions at LSP so intolerable that a reasonable person would have felt compelled to resign in Stelly's position. Thus, Stelly has failed to state a claim for constructive discharge upon which relief can be granted.

### B.  Reeves and Davis

Stelly alleges Reeves and Davis both failed to promote him to captain on several occasions because of his race in violation of Section 1981, adding additional claims of retaliation and constructive discharge against Davis only. The Court has already held Stelly's allegations to be inadequate to state a claim for constructive discharge upon which relief may be granted as to LSP. The same analysis applies to Stelly's identical constructive discharge claim against Davis, and that claim must also be dismissed. The Court need thus only further consider Stelly's Section 1981 failure to promote and retaliation claims.

#### 1.  Failure to Promote

Reeves and Davis argue Stelly's Section 1981 claim against them for failure to promote is time-barred. R. Doc. 82 at 7–9. Although 28 U.S.C. § 1658 provides a four-year statute of limitations for statutes, like Section 1981, that do not include their own limitation period, this applies only to "civil action[s] arising under an Act of Congress enacted after the date of the enactment of" that statute, in 1990. Section 1981 was originally enacted as part of the Civil Rights Act of 1866. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 372 (2004). However, Section 1981 as originally enacted protected, as is relevant here, only discriminatory conduct in the formation of an employment contract—e.g., failing to hire an individual because of his race—not

9

discriminatory conduct that occurred *after* the formation of an employment contract, such as creation of a hostile work environment or wrongful discharge. *Id.* at 372–73. A cause of action for post-contractual discrimination became available under Section 1981 only after the amendment of that statute in 1991. *Id.* The Supreme Court has thus explained that claims arising under the 1991 amendment to Section 1981 are subject to the four-year statute of limitations in 28 U.S.C. § 1658, but the statute of limitations for claims which could have been brought under Section 1981 as originally enacted must be derived from state law. *Id.* at 382. The Fifth Circuit has held that Louisiana's one-year prescriptive period for delictual actions applies to such claims. *See Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 367 (5th Cir. 2008) (unpublished) (citing *Johnson v. Crown Enters., Inc.,* 398 F.3d 339, 341 (5th Cir. 2005)); *Clifford v. Gibbs,* 298 F.3d 328, 332 (5th Cir. 2002)).

Here, Stelly's latest alleged discriminatory failure to promote occurred on July 9, 2021. Stelly filed this suit on March 1, 2023. Therefore, if the one-year statute of limitations applies, Stelly's failure to promote claim against Reeves and Davis is time-barred. If the four-year statute of limitations applies, it is not. The Court must thus consider whether Stelly's failure to promote claim arises under Section 1981 as originally enacted, or the 1991 amendments thereto.

Although Section 1981 did not originally cover post-contractual conduct, failure to promote claims could nonetheless be brought under that statute even prior to the 1991 amendments if "the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." *Williams v. Louisiana*, 2013 WL 4539006, at *4 (W.D. La. Aug. 27, 2013) (quoting *Patterson v. McLean Credit Union,* 491 U.S. 164, 185 (1989)). "Only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under § 1981." *Patterson*, 491 U.S. at

185.  "In deciding whether a change of position rises to the level of a new and distinct relation, the court must compare the employee's current duties, salary, and benefits with those incident to the new position." *Police Ass'n of New Orleans v. City of New Orleans,* 100 F.3d 1159, 1170–71 (5th Cir. 1996). "If the new position involves substantial changes in these areas, a new and distinct relation is recognized." *Id.* at 1171; *see also Hill v. Cleco Corp.*, 541 F. App'x 343, 345 (5th Cir. 2013) (unpublished) (holding a plaintiff's failure to promote claim to arise under Section 1981, and thus to be subject to a one-year statute of limitations, where the new position the plaintiff sought would have included the addition of supervisory authority and a substantial salary increase).

Stelly argues the promotions he sought to captain positions do not rise to the level of an opportunity for a new and distinct relation between himself and LSP. R. Doc. 85 at 11–12. In support of this argument, Stelly asserts no new contract is formed when a lieutenant is promoted to captain; he would have had only a "slight increase in leadership responsibility" if promoted; and his compensation would have substantially decreased if promoted due to the loss of overtime pay. *Id.* However, as Reeves and Davis point out, this inquiry does not require that a new employment contract would have been created should Stelly have received a promotion to captain. *See* R. Doc. 91 at 4. Rather, the Court must determine whether Stelly's duties, salary, and benefits would have been substantially changed had he been promoted.

While neither party has presented any evidence as to the benefits of each position, Stelly concedes his compensation would have substantially changed as captain, albeit by a decrease. R. Doc. 85 at 12. Stelly's Second Amended Complaint also indicates a promotion to captain would have "given [him] the opportunity to run a command," which compels the inferences that Stelly did not run a command as a lieutenant, and that a promotion would thus have increased Stelly's supervisory authority. R. Doc. 59 at 4. Additionally, while Stelly was a lieutenant for Troop B, an

unspecialized division of the LSP, nearly all of the captain positions to which Stelly applied were in specialized divisions such as Public Affairs, Internal Affairs, Operational Development, or Gaming Enforcement. These facts indicate Stelly's duties would have substantially changed had he received a promotion to captain. Thus, a promotion to captain would have initiated "a new and distinct relation" between Stelly and LSP, and Stelly's failure to promote claim arises under Section 1981 as initially enacted, not its 1991 amendments. *See Patterson*, 491 U.S. at 185.

Having so determined, the Court holds Stelly's failure to promote claim to be subject to a one-year statute of limitations under Louisiana law. *See Mitchell*, 265 F. App'x at 376. Accordingly, this claim is time-barred, and must be dismissed.

### 2. Retaliation

To state a claim of retaliation under Section 1981, a plaintiff must allege "(i) he engaged in a protected activity; (ii) an adverse employment action occurred; and (iii) a causal link exists between the protected activity and the adverse employment action." *Wantou v. Wal-Mart Stores Texas, L.L.C.*, 23 F.4th 422, 436–37 (5th Cir. 2022). Here, Stelly alleges Davis failed to promote him to a captain position on July 9, 2021, in retaliation for "participating in the protected activity of complaining to his supervisor, Cpt. Archote of race discrimination[.]" R. Doc. 59 at 12. Although the Court must, at this stage, accept Stelly's well-pleaded factual allegations as true, the Court need not accept "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Even after having been granted leave to amend his Complaint twice, Stelly offers no facts in support of his allegation that Davis's July 9, 2021 failure to promote Stelly had anything to do with Stelly's complaint to his supervisor; he simply alleges it to be true. Stelly's bare allegation of retaliation thus fails to state a claim upon which

relief can be granted.

### C.  Leave to Amend

Finally, Stelly asks the Court to allow him a third opportunity to amend his Complaint, should it find any of his claims inadequate to survive Rule 12(b)(6) review. "The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. Proc. 15(a)(2). However, the court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). An amendment would be futile if even the "amended complaint would fail to state a claim upon which relief could be granted." *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir.), *cert. denied*, 143 S. Ct. 353 (2022) (citing *Stripling v. Jordan Production Company, LLC*, 234 F.3d 863, 873 (5th Cir. 2000)). Thus, the Court must consider the proposed amendments under the "same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling*, 234 F.3d at 873.

In his proposed Third Amended Complaint, R. Doc. 88-2, Stelly seeks to add nothing that would alter the Court's determination that Stelly's claim for failure to promote under Section 1981 is time-barred. As to his claims for constructive discharge, Stelly seeks to include additional facts in support of his assertion that he was "humiliated" by Defendants' repeated failures to promote him. However, the Court has already held that Stelly's alleged humiliation is an inadequate aggravating factor to render his resignation from LSP a constructive discharge. The proposed amendments to Stelly's constructive discharge claims would therefore not render those claims sufficient to survive Rule 12(b)(6) review, and are thus futile.

Finally, as to his claim for retaliation, Stelly seeks to again amend his Complaint to include the statements that "There is a causal link between the protected activity of complaining to his supervisor of race discrimination and the adverse action of failing to promote Lt. Stelly" and "There is temporal proximity between the Lt. Stelly's protected activity and the adverse action of the LSP not promoting him." R. Doc. 88-2. Stelly's assertion of a "causal link" between the protected activity and his non-promotion is no less a "'naked assertion' devoid of 'further factual enhancement[,]'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557), than his assertion in the Second Amended Complaint that "Col. Davis retaliated against Lt. Stelly when he did not select him for promotion to captain . . . for participating in the protected activity of complaining to his supervisor, Cpt. Archote of race discrimination[.]" R. Doc. 59 at 12. The fact of temporal proximity alone cannot serve as adequate factual support of the alleged causal link between Stelly's complaint to his supervisor and his non-promotion. Stelly's proposed amendments are thus futile as to his retaliation claim as well.

Accordingly, based on this futility, as well as Stelly's failure to cure the deficiencies in the Complaint via his two prior amendments, the Court declines to grant Stelly leave to amend his Complaint for a third time.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that LSP's Motion to Dismiss, R. Doc. 68, is **GRANTED IN PART** as to Stelly's claim for constructive discharge, which is hereby **DISMISSED**, and **DENIED IN PART** as to Stelly's claim for failure to promote under Title VII.

**IT IS FURTHER ORDERED** that Reeves and Davis's Motion to Dismiss, R. Doc. 82,

14

is **GRANTED**, and all claims brought by Stelly against those defendants are **DISMISSED**.

      **IT IS FURTHER ORDERED** that Stelly's Motion for Leave to File a Third Amended Complaint, R. Doc. 88, is **DENIED**. This denial shall be without prejudice to Stelly's right to reassert a motion for leave to amend his Complaint as to the remaining failure to promote claim against LSP, should he so wish.

      New Orleans, Louisiana, this 11th day of December, 2023.

Greg Gerard Guidry
United States District Judge