UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN R. STELLY, II** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-772** |
| **STATE OF LOUISIANA, THROUGH DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OFFICE OF STATE POLICE** | **SECTION: T (1)** |

## ORDER AND REASONS

After retiring from his position as a lieutenant with Defendant the State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police ("LSP"), Plaintiff John R. Stelly, II filed the instant race-based discrimination suit against his former employer. R. Doc. 59. Although Stelly initially asserted several claims arising from his employment with and retirement from LSP, the Court has already dismissed all but one for failure to state a claim upon which relief can be granted. *See* R. Doc. 93. LSP now moves the Court to enter summary judgment in its favor as to Stelly's last remaining claim: that LSP failed to promote him to either of two available captain positions on July 9, 2021, because of his race, in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq. See* R. Doc. 118-2. Stelly has responded in opposition, R. Doc. 128, and both parties have filed supplemental memoranda in support of their arguments, R. Docs. 137; 144. Having considered the parties' briefing, as well as the applicable law and facts, the Court will GRANT LSP's Motion.

1

I. **APPLICABLE LAW**

Summary judgment of a claim is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A court must hold "a factual dispute to be 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party and a fact to be 'material' if it might affect the outcome of the suit under the governing substantive law." *Voelkel McWilliams Const., LLC v. 84 Lumber Co.*, 2015 WL 1184148, at *5 (E.D. La. Mar. 13, 2015) (quoting *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989)). When assessing whether a genuine dispute as to any material fact exists, courts "consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Accordingly, at the summary judgment stage, courts must view the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *See, e.g.*, *Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 727 (5th Cir. 2018) (quoting *City & Cnty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 603 (2015); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Of course, "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation and citation omitted). Although the movant bears the initial burden of demonstrating the absence of a genuine issue of material fact, if it can carry that burden, the nonmoving party must "go beyond

the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 323–24. This burden is not satisfied by "metaphysical doubt as to the material facts" or only a "scintilla" of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir.1994)). Summary judgment must thus be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. As the United States Supreme Court has explained, "[i]n such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. Courts "*do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts*." *Little*, 37 F.3d at 1075 (citing *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990)) (emphasis original). Thus, "summary judgment is appropriate in *any* case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Id.* (quoting *Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir. 1993)) (emphasis original).

**II.     DISCUSSION AND ANALYSIS**

As explained in the Court's prior order dismissing Stelly's other claims but holding his Title VII failure to promote claim sufficient to survive review under Federal Rule of Civil Procedure 12(b)(6), *see* R. Doc. 93 at 4–7, Title VII provides, in relevant part: "It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race[.]" 42 U.S. Code

§ 2000e–2. It is well established that courts considering a motion for summary judgment on a Title VII discrimination claim must apply the "familiar *McDonnell–Douglas* burden-shifting framework[.]" *Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 346 (5th Cir. 2013) (referring to *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–805 (1973)). Under this framework, the plaintiff must first establish a prima facie case demonstrating that "(1) he was not promoted, (2) he was qualified for the position he sought, (3) he fell within a protected class at the time of the failure to promote, and (4) the defendant either gave the promotion to someone outside of that protected class or otherwise failed to promote the plaintiff because of his race." *Autry*, 704 F.3d at 346–47 (citing *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002)). Should the plaintiff meet this obligation, the burden shifts to the defendant to proffer a legitimate, nondiscriminatory reason for not promoting the plaintiff. *See id.* at 347 (citing *Price*, 283 F.3d at 720). If the defendant does so, the burden then shifts back to the plaintiff to demonstrate the defendant's proffered nondiscriminatory reason to be mere pretext for the defendant's true discriminatory intentions. *See id.* (citing *Vaughn v. Woodforest Bank,* 665 F.3d 632, 636 (5th Cir. 2011)).

While "[a] Title VII plaintiff may make out a prima[ ]facie case of discrimination using either direct or circumstantial evidence[,]" *Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F.3d 473, 475 (5th Cir. 2015), the Court has already rejected Stelly's argument that the evidence he presents constitutes direct evidence of discrimination. *See* R. Doc. 93 at 5. However, the Court determined Stelly had sufficiently stated a prima facie case that LSP's failure to promote him on July 9, 2021 was racially motivated based on his assertions that he was not promoted to either of the captain positions for which he was qualified, and that individuals outside of his protected racial class were promoted instead. *See id.* at 6. Following the *McDonnell–Douglas* framework, the Court determined LSP had carried the burden shifted to it to proffer a

4

nondiscriminatory reason for declining to promote Stelly—LSP asserted it had promoted then-Lieutenants Robert Burns and Saleem El-Amin not because Stelly was white and they were not, but simply because Burns and El-Amin were better qualified for the specific captain positions Stelly sought, pointing out that "the promotion of a better qualified applicant is a legitimate and nondiscriminatory reason for preferring the successful applicant over the rejected employee who claims that the rejection was discriminatory." *Jefferies v. Harris Cnty. Cmty. Action Ass'n*, 693 F.2d 589, 590–91 (5th Cir. 1982) (citation omitted)).

With the burden thus shifted back, Stelly argued he had sufficiently alleged that he was "clearly more qualified" than Burns or El-Amin because he was ranked higher on LSP's promotion eligibility list based on the results of his Louisiana State Police Commission eligibility examinations, and had spent more years in service, both with the LSP and as a lieutenant specifically. *See* R. Doc. 77 at 5–8. LSP countered these qualifications as insufficient to adequately allege Stelly was *more* qualified than Burns or El-Amin for the particular captain positions available at issue here, in LSP's Operational Development Division ("ODD") and Gaming Enforcement Division ("GED"), pointing out that "[s]imply holding the highest examination grade and the most in years-in-service does not necessarily qualify someone to command a Gaming department with no actual gaming experience." R. Doc. 80 at 3. The Court nonetheless denied LSP's motion to dismiss as to the instant claim, holding Stelly had plausibly alleged LSP's assertions of Burns and El-Amin's better qualifications to be merely pretextual, and explaining that "while LSP may ultimately be able to show that Stelly was not in fact more qualified for those specific positions than Burns and Amin based on other criteria, at the Rule 12(b)(6) stage Stelly's assertions are adequate to plead plausibly that he was more qualified than Burns and Amin for the promotions he applied for but they received." R. Doc. 93 at 6–7,

Now, following discovery and at the more demanding summary judgment stage, LSP argues Stelly has failed to demonstrate the existence of any genuine issue of material fact requiring trial on the alleged pretextuality of LSP's assertion that it promoted Burns and El-Amin, and not Stelly, because they were better qualified for captain positions in the ODD and GED specifically. *See* R. Doc. 118-2. In opposition, Stelly largely reasserts his arguments that he is "much more qualified than Burns or El-Amin [,]" stating he has two Bachelor's degrees, a Master's degree, and "9 hours of credit toward a PhD[;]" was the highest scorer on the eligibility exam among those being considered for promotion eighteen times during his employment with LSP; that he had been a Lieutenant for sixteen years, as compared to Burns with under six years and El-Amin with less than three; and that despite not having previously worked in the ODD or GED, he had experience "perform[ing] the functions that he would have had he been assigned to those other sections," such as investigating policy violations, completing budget requests, or suggesting amendments to LSP policies. R. Doc. 128 at 10–11, 4–5. Stelly also points to "objective factors in which [he] excelled" noting his "lack of disciplinary history, accumulation of awards and commendations[,]" communicative and leadership qualities, and "knowledge[] about the section's mission[.]" *Id.* at 11. He also asserts Burns committed "extremely severe policy and statutory violations" prior to his promotion, ultimately concluding that "Burns' and El-Amin's skill sets, including their prior experience in [ODD and GED] did not reasonably outweigh Stelly's higher exam scores, more formal education, longer tenure with LSP, considerably more time-in-grade and experience as a lieutenant, more training, more awards and commendations, leadership skills, written and oral communication skills, and relationship / interpersonal skills[.]" *Id.* at 17, 20.

But "[e]mployment discrimination laws are 'not intended to be a vehicle for judicial second-guessing of business decisions, nor . . . to transform the courts into personnel managers.'"

*Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005) (quoting *Bienkowski v. Am. Airlines, Inc.,* 851 F.2d 1503, 1507–08 (5th Cir. 1988) (abrogation on other grounds recognized by *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814 (5th Cir. 2022)). The Court's role in considering a Title VII failure to promote claim like Stelly's is not to undertake a line-by-line review of each applicant's resume or make its own determinations as to what factors render a candidate the most qualified for any particular position. LSP has proffered a valid nondiscriminatory reason for not promoting Stelly—it considered Burns and El-Amin better qualified for the captain positions in the ODD and GED, respectively, primarily because of their years of experience in those particular divisions and specialized experience gained thereby. *See* R. Doc. 118-2 at 7–11. It points out, for example, the previous captain of the GED had "rated El-Amin as exceptional for his performance in that department" and that Burns had "distinguished himself" while working in the ODD for over seven years prior to his promotion to its captain, demonstrating the skills and experience required for this "public-facing position that work[s] directly with the Superintendent, with other agencies, with the legislature, and with various industry personnel." Beyond that, like Stelly, LSP lists several other factors it considered qualified Burns and El-Amin for the captain positions at issue, such as having obtained an advance degree, having served in the military, and possessing strong interpersonal and communication skills and leadership qualities. *Id.* at 9–10. Stelly's subjective belief that the fairly similar attributes he has listed rendered him better qualified than Burns and El-Amin for these particular positions is insufficient to create a genuine issue of material fact as to whether LSP's assertion that it promoted Burns and El-Amin because it considered them to be better qualified than Stelly is pretextual.

At trial it would be Stelly's burden to "produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination." *Laxton v. Gap Inc.*,

333 F.3d 572, 578 (5th Cir. 2003) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)). Beyond quibbling about their relative resumes, Stelly has produced no evidence indicating that LSP promoted Burns and El-Amin, not because it valued their significant prior experience in ODD and GED over Stelly's credentials, but because Stelly was white. Because Stelly cannot prove this essential element of his claim, the entry of summary judgment in favor of LSP and the dismissal of this case is appropriate.[1]

### III.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that LSP's Motion for Summary Judgment, R. Doc. 118, is **GRANTED**. Judgment shall be entered in LSP's favor on Stelly's remaining claim, and this action dismissed in its entirety, by separate order of the Court.

New Orleans, Louisiana, this 31st day of July, 2024.

_____
Greg Gerard Guidry
United States District Judge

---

[1] The Court notes that both LSP and Stelly have moved to strike certain evidence relied upon by the other party in arguing the instant Motion. *See* R. Docs. 146, 147. Because the Court's holding does not rely on any of the contested evidence and will result in the dismissal of this action, those motions need not be addressed.